UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-00016-FDW

| | |
|---|---|
| JEFFREY LANE PLEMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on motion by Christopher S. Stepp to enter appearance as counsel for Plaintiff in this case and to reset the deadlines. As an initial matter, the Court GRANTS that portion of the motion seeking to allow Mr. Stepp to appear as counsel in this case.

Turning to the second issue regarding the extension of deadlines, the instant motion indicates that Plaintiff, who has appeared *pro se* in this matter since the outset of the case, only recently took action to seek counsel's assistance to prosecute his appeal of an unfavorable decision on his Social Security disability application. Notably, the Court has twice advised Plaintiff of his deadlines and responsibilities to comply with briefing the issues presented in this appeal, which he filed with this Court on January 25, 2016. The Court served Plaintiff with a Social Security Briefing Order on April 20, 2016, which specifically informed Plaintiff of the contents for briefs to be filed with this Court and the deadline of June 20, 2016, for doing so. After Plaintiff missed the deadline, and upon notice by Defendant, the Court provided the pro se Plaintiff yet another opportunity to prosecute his case and issued an Amended Social Security Scheduling Order on August 16, 2016, allowing Plaintiff until October 17, 2016, to file his brief. Plaintiff took no action to prosecute his claims, and it was not until January 6, 2017, almost three months past the extended

deadline for Plaintiff to file his motion for summary judgment, that counsel appeared asking for yet another extension of time.

While the Court appreciates counsel's recitation of some of the circumstances leading up to his representation of Plaintiff, the instant motion is devoid of specific facts or sufficient explanation as to why Plaintiff repeatedly failed to comply with the Court-ordered deadlines in this case. Absent a showing of mistake, inadvertence, surprise, or excusable neglect, the Court finds Plaintiff has failed to comply with the Court ordered deadlines and otherwise failed to prosecute his case. Dismissal is appropriate under Rule 41(b) of the Federal Rules of Civil Procedure. Accordingly, this Court will dismiss this case without prejudice. The Court will entertain a motion for reconsideration to reopen this matter should counsel or Plaintiff be able to demonstrate Plaintiff is entitled to relief.

IT IS THEREFORE ORDERED that the Motion for Leave to Appear (Doc. No. 11) is GRANTED IN PART, but the portion of the motion seeking to extend the scheduling order is DENIED and this matter is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b). The Court will entertain a motion for reconsideration if Plaintiff can provide sufficient justification, supported by affidavit or other evidence, for relief pursuant to the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Signed: February 23, 2017

Frank D. Whitney
Chief United States District Judge